## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JORDAN PAICE**, | : | |
| | : | CASE NO. 2:21-cv-3885 |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| **SURGE STAFFING, LLC**, | : | |
| c/o Incorp Services, Inc. | : | **COMPLAINT** |
| 9435 Waterstone Boulevard Suite 140 | : | |
| Cincinnati, OH 45249 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| Defendant. | : | |

Now comes Jordan Paice ("Plaintiff" or "Paice"), through undersigned counsel, and for her complaint against Surge Staffing, LLC ("Defendant" or "Surge"), who alleges as follows:

## INTRODUCTION

1.      This action seeks compensatory and punitive damages, pre-judgment and post-judgment interest, costs, back pay, front pay, and attorneys' fees under federal law to remedy the violations of the rights of Plaintiff by Defendant under 42 U.S.C. §§ 12112, *et seq.*, of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended ("ADAAA"), and Ohio law prohibiting disability discrimination under Ohio Revised Code § 4112, *et seq.* ("Chapter 4112").

2.      While employed by Defendant in April of 2020, COVID-19 began spreading throughout the United States. Plaintiff has an immune deficiency disorder and asthma and, as such, is prescribed an inhaler. Plaintiff worked at Defendant's Big Lots location as a manager. During the beginning of the COVID-19 pandemic, the Big Lots location announced its first case of COVID-19. Due to Plaintiff's disability, she was placed on unpaid leave from April 7, 2020 to May 1, 2020. Despite being off work, Defendant still contacted Plaintiff and asked her to continue working from home. On April 10, 2020, Defendant informed Plaintiff that she needed to return to

work effective April 15, 2020. On April 17, 2020, Plaintiff's doctor wrote a letter advising that due to Plaintiff's disability and health issues, she could not work in a facility with positive COVID-19 cases and would instead need to work from home for the time being. That same day, Defendant informed Plaintiff that it was denying her request to work from home, despite her being able to do so, because if Plaintiff worked from home, then everyone would request to work from home. Plaintiff continued to work for Defendant onsite at the Big Lots location from April 17, 2020 to May 1, 2020. On Friday, May 1, 2020, Plaintiff's doctor sent Defendant a letter stating that Plaintiff needed to quarantine for two (2) weeks and that she would be off work from Monday, May 4, 2020 to May 15, 2020, with a return date of Monday, May 18, 2020. That same day, May 1, 2020, Defendant gave Plaintiff a box to clean out her desk, required her to turn in her laptop, and seized her work phone. On May 15, 2020, Plaintiff asked Defendant what day and time she should return, and she was informed that Defendant was terminating her employment.

3. At all times relevant, Plaintiff was qualified to perform the essential functions of her position with or without accommodations. Despite her continued qualification, Defendant did not engage in the interactive process, ceased its ongoing duty to provide Plaintiff with reasonable accommodations, and/or discriminated against her because of her disability (actual or perceived).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff exhausted her administrative remedies. On July 30, 2020, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"). On or about April 21, 2021, the EEOC sent a Notice of Right to Sue Letter for her EEOC charge, bearing No. 532-2020-02460 and concerning the events complained of herein. As such, by filing her Complaint within ninety

(90) days of issuance of the Notice of Right to Sue Letter, Plaintiff has satisfied all procedural requirements prior to commencing this action.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the ADA, as amended, and 28 U.S.C. § 1367 for violations of state law that are so related to the claims in the action within the court's original jurisdiction that together they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, Eastern Division.

## THE PARTIES

7.      Plaintiff is a person residing in Franklin County and, at all times relevant, was employed by Surge Staffing, LLC, believed to be located at 1110 Morse Road, Columbus, Ohio 43229.

8.      At all times relevant, Defendant is a foreign limited liability company and can be served through its statutory agent address at Incorp Services, Inc., 9435 Waterstone Boulevard Suite 140, Cincinnati, Ohio 45249.

## FACTS

9.      Plaintiff Jordan Paice was employed by Surge as a manager from approximately January 20, 2020 until her employment was terminated on or about May 15, 2020 while she was out on medical leave.

10.     Defendant provides staffing services for its clients, including Big Lots.

11.     Plaintiff was employed to work for Defendant at the Big Lots distribution center.

12. During all times relevant, Plaintiff met or exceeded her supervisors' expectations and was qualified to perform the essential functions of her position with or without an accommodation.

13. Plaintiff suffers from an immune deficiency disorder and asthma, which, when coupled with COVID-19 or the possibility of contracting COVID-19, is a disability because it is a physical impairment that substantially limits one or more of her major life activities, as she is placed at greater risk for serious illness or even death if she were to contract the COVID-19 virus.

14. On or about April 6, 2020, Big Lots announced its first case of COVID-19 at the facility where Plaintiff worked and informed Plaintiff that she recently had direct contact with this individual.

15. As a result of Plaintiff being exposed to an individual with COVID-19, Plaintiff and Defendant agreed that she would be out of work on unpaid medical leave from April 7, 2020 until May 1, 2020.

16. However, on April 10, 2020, Defendant informed Plaintiff that the manager covering her position at the Big Lots facility was resigning and that Plaintiff would have to return to work on April 15, 2020, which she did.

17. On April 17, 2020, Plaintiff's doctor sent Defendant a letter stating that Plaintiff needed to work from home due to her disability and health issues.

18. That same day, Plaintiff received a telephone call from her district manager that Defendant was not permitting anyone to work from home because if it let one person work from home, then everyone would want to work from home as well.

19. Plaintiff was able to perform the essential functions of her job from home, and this reasonable accommodation would not have created an undue hardship for Defendant.

20. During the next two (2) weeks, Big Lots continued to have cases of COVID-19 at Plaintiff's location, and on Friday, May 1, 2020, Plaintiff's doctor sent Defendant a note stating that Plaintiff should quarantine for two (2) weeks and should not work from Monday, May 4, 2020 to Friday, May 15, 2020, with a return to work date of Monday, May 18, 2020.

21. That same day, May 1, 2020, Defendant instructed Plaintiff to clean out her desk and place her personal items in a box as well as turn in her work laptop, and then Defendant confiscated Plaintiff's work phone before she left work that day.

22. On Friday, May 15, 2020, Plaintiff texted her manager and asked what day and time she should return to work.

23. Plaintiff's manager, Courtney Anderson, then called Plaintiff on a three (3) way call with Defendant's human resource representative, Dawn White.

24. Ms. Anderson and Ms. White informed Plaintiff that due to Defendant's current business needs they did not need Plaintiff to return to work; consequently, her employment was terminated.

## CAUSES OF ACTION

### COUNT ONE
**(ADA Discrimination - 42 U.S.C. §§ 12101,** *et seq.***)**

25. All of the preceding paragraphs are realleged as if fully rewritten herein.

26. At all times material herein, Plaintiff was disabled, actual or perceived, had a record of being disabled, or was regarded as being disabled as defined in 42 U.S.C. §§ 12112, *et seq.*, of the ADA and ADAAA.

27. Defendant knew that Plaintiff was disabled, she had a record of a disability, and/or it regarded her as disabled.

28.     Despite her disability, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

29.     Defendant discriminated against Plaintiff by taking the following non-exhaustive list of actions: (1) Defendant failed to engage in the interactive process; (2) Defendant failed to accommodate and/or failed its ongoing duty to accommodate Plaintiff; (3) Defendant terminated Plaintiff because of her disability, actual or perceived; (4) Defendant terminated Plaintiff in retaliation for requesting an accommodation in the form of reasonable and definite medical leave as alleged herein; and/or (5) Defendant treated Plaintiff less favorably in the terms and conditions of employment than similarly situated employees who do not suffer from a disability, actual or perceived, or who did not request medical leave.

30.     As such, Defendant has violated 42 U.S.C. §§ 12101, *et seq.*, by discriminating against Plaintiff.

31.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

32.     Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and all other relief available under the ADA.

## COUNT TWO
### (ADA – Failure to Engage in the Interactive Process and/or Provide Reasonable Accommodation)

33.     All of the preceding paragraphs are realleged as if fully rewritten herein.

34.     At all times relevant herein, Plaintiff was disabled, or regarded as disabled, as defined in 42 U.S.C. §§ 12112, *et seq.*, of the ADA and ADAAA because she suffered from a

physical impairment that substantially limits her ability to perform several major life activities and/or major life functions.

35.     Despite her physical impairment, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

36.     Defendant knew Plaintiff was disabled and/or regarded her as disabled.

37.     Defendant discriminated against Plaintiff by taking the following non-exhaustive list of actions: (1) failing to engage in the interactive process; (2) failing to accommodate and/or failed its ongoing duty to accommodate Plaintiff; (3) terminating Plaintiff because of her disability, actual or perceived; (4) terminating Plaintiff in retaliation for requesting an accommodation in the form of reasonable and definite medical leave as alleged herein; and/or (5) treating Plaintiff less favorably in the terms and conditions of employment than similarly situated employees who do not suffer from a disability, actual or perceived, or who did not request medical leave.

38.     Defendant violated the ADA by failing to accommodate Plaintiff's disability and engage in a good faith interactive process to determine an objectively reasonable accommodation for her disability. *See* 29 C.F.R. § 1630.2(o).

39.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

40.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and all other relief available under the ADA.

## <u>COUNT THREE</u>
**(ADA Retaliation - 42 U.S.C. §§ 12101, *et seq.*)**

41.     All of the preceding paragraphs are realleged as if fully rewritten herein.

42.     As alleged above, Plaintiff engaged in protected activity by requesting reasonable accommodations under the ADA, as amended, in the form of reasonable medical leave for a finite period of time.

43.     Defendant knew that Plaintiff engaged in protected activity.

44.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: (1) failing to engage in the interactive process; (2) failing to accommodate her; (3) terminating her employment while out on medical leave; (4) replacing her with someone who after reasonable opportunity for discovery is not disabled, actual or perceived, and who does not have a record of a disability; and (5) otherwise treating her less favorably than similarly situated employees who after reasonable opportunity for discovery are not disabled, actual or perceived, who do not have a record of a disability, and/or who did not request medical leave.

45.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

46.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and all other relief available under the ADA.

## COUNT FOUR
### (Disability Discrimination – R.C. §§ 4112.02, *et seq.*)

47.     All the preceding paragraphs are realleged as if fully rewritten herein.

48.     At all times relevant herein, Plaintiff was disabled, had a record of being disabled, or was regarded as being disabled as defined under Chapter 4112, *et seq.*

49.     Plaintiff was able to perform the essential functions of her job despite her disability.

50.     Defendant knew that Plaintiff was disabled and/or regarded her as disabled.

51.     Defendant discriminated against Plaintiff by taking the following non-exhaustive list of actions: (1) failing to engage in the interactive process; (2) failing to accommodate and/or failed its ongoing duty to accommodate Plaintiff; (3) terminating Plaintiff because of her disability, actual or perceived; (4) terminating Plaintiff in retaliation for requesting an accommodation in the form of reasonable and definite medical leave as alleged herein; and/or (5) treating Plaintiff less favorably in the terms and conditions of employment than similarly situated employees who do not suffer from a disability, actual or perceived, or who did not request medical leave.

52.     As such, Defendant has violated Chapter 4112, *et seq.*, by discriminating against Plaintiff based on her actual or perceived disability or her record of being disabled.

53.     By Defendant's foregoing omissions and commissions, Defendant violated Ohio Revised Code § 4112.02(A).

54.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

55.     Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and all other relief available under Ohio law.

## COUNT FIVE
### (Failure to Engage in the Interactive Process and/or Provide Reasonable Accommodation)

56.     All of the preceding paragraphs are realleged as if fully rewritten herein.

57.     At all times relevant herein, Plaintiff was disabled, had a record of being disabled, or was regarded as being disabled as defined under Chapter 4112, *et seq.*

58.     Despite her physical impairment, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

59.     Defendant knew Plaintiff was disabled and/or regarded her as disabled.

60.     Defendant discriminated against Plaintiff by taking the following non-exhaustive list of actions: (1) failing to engage in the interactive process; (2) failing to accommodate and/or failed its ongoing duty to accommodate Plaintiff; (3) terminating Plaintiff because of her disability, actual or perceived; (4) terminating Plaintiff in retaliation for requesting an accommodation in the form of reasonable and definite medical leave as alleged herein; and/or (5) treating Plaintiff less favorably in the terms and conditions of employment than similarly situated employees who do not suffer from a disability, actual or perceived, or who did not request medical leave.

61.     Defendant violated Chapter 4112, *et seq.*, by failing to accommodate Plaintiff's disability and engage in a good faith interactive process to determine an objectively reasonable accommodation for her disability.

62.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

63.     Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and all other relief available under Ohio law.

## COUNT SIX
### (Retaliation – R.C. § 4112.02(I))

64.     All the preceding paragraphs are realleged as if fully rewritten herein.

65.     Plaintiff engaged in protected activity by requesting reasonable accommodations under Ohio law.

66.     Defendant knew that Plaintiff engaged in protected activity.

67.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: (1) failing to engage in the interactive process; (2) failing to accommodate and/or failed its ongoing duty to accommodate Plaintiff; (3) terminating Plaintiff because of her disability, actual or perceived; (4) terminating Plaintiff in retaliation for requesting an accommodation in the form of reasonable and definite medical leave as alleged herein; and/or (5) treating Plaintiff less favorably in the terms and conditions of employment than similarly situated employees who do not suffer from a disability, actual or perceived, or who did not request medical leave.

68.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

69.     Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and all other relief available under Ohio law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendant as follows:

(a)     Ordering Defendant to pay back pay and benefits;

(b)     Ordering Defendant to pay front pay and benefits;

(c)     Order Defendant to pay monetary relief in an amount sufficient to compensate Plaintiff for her emotional distress, including pain and suffering;

(d)     Awarding Plaintiff costs and reasonable attorneys' fees associated with this action;

(e)     Ordering Defendant to pay monetary relief in the amount sufficient to compensate

        Plaintiff for future wages and benefits lost;

(f)     Ordering Defendant to pay Plaintiff her compensatory damages;

(g)     Ordering Defendant to pay punitive damages;

(h)     Ordering Defendant to pay pre-judgment interest and post-judgment interest; and

(i)      Ordering such other and further relief as the Court may deem just or appropriate.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman